1224096-C Tr Ct No.
1199676-B Tr Ct No.
WR-60-820-05
(00, 820-05,06

May 15, 2015

Unsworn Declaration of Affidavit

"My name is JOHNATHON B.K. HENRY and I am of legal age and a resident of the State of Texas. I have personal knowledge of the statements made herein regarding JOHNATHON B.K. HENRY and that they are true and correct I am competent to make this Affidavit.

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 20 2015
Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 20 2015
Abel Acosta, Clerk

1. "My name is JOHNATHON B.K. HENRY, I went to trial on a Possession of a controlled Substance case and ASSAULT-BOD INJ PUB SERV/RETAL case on January 26, 2010. My trial Attorney was C.C. Williams I was found guilty

2. "on January 27, 2010 in Bench trial, I was sentenced to two 20 years in the Texas Department of Correction Both sentence ran concurrently. While waiting to be sentence my Attorney never told me if I wanted to appeal my conviction so I didn't know nothing about the appeal process at all

3. "are my appellate rights at that time. He did not tell me anything about the motion for new trial either. When I got sentenced by the trial judge My Attorney just got up and left the courtroom without a word to no one, my

4. trial counsel was ineffective for neglecting to subpoena material witnesses, trial counsel also abandon me on the date of sentencing, without a doubt a hearing on a motion for new trial was a critical stage of the proceeding. It was

5. "the only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a record on those matters for appellate review. So an abatement here in this Affidavit is appropriate in order

6. "to assure protection of my appellant's right to counsel at three critical stages that I did face at the time of abandonment-trial, Motion for New

7. "trial and appeal. If I had had known about a motion for new trial and the time frame I had to work in I would have done something about it

8. "myself. If I would have known about this out-of-time appeal on newly out of time for New trial in the form of an evidentiary hearing years

9. "ago I just found this out by reading alot of cases pro se. cause no 1199676 and cause no. 1229096. This took me years of learning Law s to learn about this point of error of a out-of-time appeal and motion for New trial about five years why teaching my self how to read why in four years, months

Further, affiant sayeth not:

I JOHNATHON B.K. HENRY, being presently incarcerated in Wynne unit, in Walker County, Texas, declare under penalty of perjury that the foregoing is true and correct

Signature: J Henry TDCJ Number 01623078

Executed on ~~October~~ January 20, 2015.

Under federal law (28.U.S.C. Section 1746) and State law (V.T.C.A. Codified as Practice and Civil Remedies, Section 132.001132.003), offenders incarcerated in Texas have the right to use an unnotarized affidavit under penalty of perjury instead of a written, certified, verified sworn statement before a notary public. An example of an unsworn statement is as follows:

"I, JBKH being presently incarcerated in TDCI, in Walker County, Texas, declare under penalty of perjury that the foregoing is true and correct. Signature JBKH TDCI # 01623078 Executed on 1.20.2015."

Exhibit A

Appellate attorney's duties

C. Review the clerk's record and reporter's record for possible issues to raise, and.

D. Prepare and file the appellate brief under TRAP 38,

If the appellate attorney decides, after reviewing the record, that there are no meritorious issues to raise on appeal, the attorney must file an Anders Brief stating why there are no meritorious. Exparte Wilson, 956 S.W. 2d 25) If the appellate does not do this, it can provide the basis for writ of Habeas Corpus Seeking and out-of-time petition for discretionary review

Appellate attorney filed an Anders Brief with The fourteenth Court of Appeals, no. NOS. 14-10-00205-CR & 14-10-00206-CR, in one, stating only one ground for one case, and no ground in the other case. Which Appellate attorney did not file an Anders Brief stating why there was no meritorious to raise in appellant records.

The appellant has the right to effective assistance of counsel on appeal Evitts V. Lucey, 469 U.S 387, 105 S. Ct. 830 (1985) If the appellate attorney failed to raise an issue on appeal that would have benefited the appellant, the appellant may be eligible for an out-of-time appeal.

Appellate Attorney fail to raise a ground of Ineffective Assistance of Trial Counsel for not filing a Motion for New trial in the 30-day period of filing motion for New trial as of abandonment by Trial Counsel. Which could have been file to benefite the appellant for an Newly timed Motion for New trial. Also Appellate Attorney could had file an ground for an Constitutional Right claime on a void sentence when Jeopard Attach in the trial Court in an Bench Trial when both sides announce ready and case was Dismissed and another case with new cause no.

Fifth Amendment

·Prohibits a person from being subject to two trials for the same offense.

Due Process Clause the fourteeth Amendment

No state shall make or enforce any law which shall... deprive any person of life, liberty or property without due process of law.

Ex parte Robinson 641 S.W. 2d 552

Petitioner could raise and appeal double jeopardy claim before trial of Indictment he was attacking, because there is a Fifth Amendment right not be exposed to double jeopardy which must be reriewable before the exposure occur.

Due Process

A Court appointed attorney on appeal must provide rigorous representation or file a brief explaining why appeal is unwarranted.

Ex parte Vestal 468 S.W. 2d 372 The court held that the indigent offender was denied assistance of counsel when his attorney was not present at sentensing.

Ineffective Assistance of Counsel

you must prove (1) that your attorney's representation was deficient and (2) that your attorney deficient performance affected (prejudiced) the outcome of your case Strickland V Washington 466 U.S 668 104 S. Ct 2052, Butler V State 716 S.W. 2d 48

To meet the Strickland test, you must demonstrate that the counsel's action were unreasonable or constituted a negligent omission. (Attorney failed to Perfect Appeal Ward V State 740 S.W 2d 794 Unles permitted to withdraw the trial attorney has the duty to fully advise client on appeal matters. (Trial Attorney never did withdraw from my case.)

Ex parte Tulbs 476 S.W. 2d 689. The defendant asked his court-appointed attorney in regard to the appeal. The Court granted absolutely nothing in regard to the appeal. The Court granted relief saying that the defendant had been denied effective assistance of counsel.

## Out-of-Time Appeals

Ex parte Senna 606 S.W. 2d 329

Ex parte Goodall 632 S.W.2d 750

Ex parte Townsend 137 S.W. 3d 79 If you want to attack an improper stacking order on a writ, you must phrase it as a claim of ineffective assistance of counsel for not objecting or correcting the order.

Ex parte Townsend 538 S.W. 2d 419

The court held that the defendant was denied his right to appeal where his waiver of right to appeal was made prior to trial and afterwards he attempted to give timely notice of appeal.

An attorney is still on a case until a Motion to withdraw is granted not until is filed Tex Disciplinary R. PROF CONDUCT 1.15 (1989) reprinted in Tex GOVT CODE ANNtit 2 subtit G app (Vernon Supp. 1994 STATE BAR RULES art xst) Ward V State 740 S.W 2d 794, 798 (Tex Crim App)

If fact under such circumstances the trial judge did abuse her discretion in failing to hold a hearing on Trial Attorney Motion to withdraw before trial in my cases Smith V State 286 S.W 3D 333.

Motion for New trial ineffective assistance of counsel

5 Criminal Law ⟶ 641.13(7)

A claim by a defendant that he was denied effective assistance of counsel during the 30-day period for filing a Motion for a New trial, which is a critical stage of a criminal proceeding in which defendant are entitled to assistance of counsel, made in connection with a request that an appeal be abated and a case remanded to the trial court so that defendant can make a properly counseled decision whether to pursue his appeal is subject to a harmless error analysis U.S.C.A Const Amend 6th

6 Attorney and Client ⟶ 76(1)

An attorney's legal responsibilities do not magically and automatically terminate at the conclusion of the trial; trial counsel remains the defendant's counsel for all purposes until expressl permitted to withdraw

7. Criminal Law ⟶ 641.13(7)

A defendant claiming ineffective assistance of counsel during the time period during which a motion for New trial could be filed must rebut the presumption that he received effective assistance U.S.C.A Const Amend 6

8 Criminal Law ⟶ 641.13(7)

The burden of proof to show abandonment of counsel during the time period during which a Motion for New trial could be filed is upon a denfant U.S.C.A Const. Amend 6.

9 Criminal Law ⟶ 641.13(2.1)

When trial Counsel believes that representation has ended the appellant as a practical matter receives no assistance at all, for purposes of an ineffective assistance of counsel claim, even though there may still be an attorney on record on the case U.S.C.A Const Amend 6

Santana

*An out-of-time appeal due to counsels failure to file a notice of appeal does not challenge the conviction under Section 4
* Concluded that an allegation directed at an attorneys failure to preserve an applicants right or opportunity to appeal does not pertain to the validity of the prosecution or the judgment of guilt and presents a claim concering the denial of the right to appeal while dismissing the remaining grounds for relief the inital applicantion does not qualify as an application that challeged the conviction for purpose of Section 4. (a) Granting an out of-time appeal thereby making any substantive claim challenging the conviction prematurel.